**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  CIV-20-256-R |
| | ) | |
| TOMMY SHARP, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action seeking release from confinement with regard to his conviction in the District Court of Garfield County. Pursuant to 28 U.S.C. § 636(b)9(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On April 6, 2020, Judge Purcell issued a Report and Recommendation wherein he recommend the petition be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Motions, because the petition clearly lacked merit. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner does not challenge the factual or legal basis for his 2007 state conviction for knowingly concealing stolen property, rather, he seeks the benefit of a 2016 amendment to the underlying statute of conviction, Okla. Stat. tit. 21 § 1713(A). In support of his contention that his conviction should now be a misdemeanor rather than a felony, Petitioner relied on House Bill 1269, effective November 1, 2019, which he contends made the 2016

amendment to § 1713(A) retroactive. Noting that the issue of retroactivity of the statute was purely an issue of state law, one rejected by the District Court of Garfield County and the Oklahoma Court of Criminal Appeals in denying Mr. Woodson's application for writ of habeas corpus, Judge Purcell recommends dismissal of the petition.

As noted in the Report and Recommendation, the Oklahoma Court of Criminal Appeals rejected Petitioner's claim on the merits. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's power to grant habeas corpus relief. For claims adjudicated on the merits, "this [C]ourt may grant ... habeas [relief] only if the [OCCA's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hanson v. Sherrod*, 797 F.3d 810, 824 (10th Cir. 2015) (citation omitted). "It is the petitioner's burden to make this showing and it is a burden intentionally designed to be 'difficult to meet.'" *Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) (citation omitted). The deference embodied in § 2254(d) "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)(citation omitted).

Judge Purcell's recommendation that the petition be dismissed was premised on the fact that Mr. Woodson's claim is not based on clearly established federal law. Rather, as noted in the Report and Recommendation, the decision by the State on whether to apply a

statute retroactively is purely an issue of state law. *Burleson v. Saffle*, 278 F.3d 1136, 1140 (10th Cir. 2002) ("whether or not a new rule of state law may be applied retroactively is a pure state law question").

In his objection, Petitioner contends that failure to apply § 1713(A) retroactively to his conviction for knowingly concealing stolen property violates his equal protection rights and that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner did not present either of these arguments in the instant petition or in his post-conviction/habeas filings with the District Court of Garfield County and the Oklahoma Court of Criminal Appeals.

The Court could permit Petitioner to amend his Petition to raise his constitutional claims. Amendment, however, would be futile, because before a state prisoner may proceed in a federal habeas corpus petition, he must establish that he has exhausted any remedies available in the state courts. 28 U.S.C. § 2254(b)(1). A federal issue is considered exhausted when it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The claim must be "fairly presented to the state courts" to allow them the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012). In presenting his claims in state court, Petitioner did not allege the violation of his constitutional rights. However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim

must be presented as a federal constitutional claim in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Allowing Mr. Woodson to amend his petition would create a "mixed petition," that is, one containing both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). In general, a federal court may not adjudicate a mixed habeas petition and must dismiss such a petition in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). The alternatives to dismissal of a mixed petition are permitting the Petitioner to dismiss any unexhausted claims or denying the merits of all claims, both exhausted and unexhausted. The Court, however, declines to assume Petitioner wishes to amend his petition and constrains its review to the claim asserted in the Petition and addressed by the Report and Recommendation, which Report and Recommendation is entirely correct in concluding that the Petition lacks merit, because the issue of the retroactive application of a state statute is purely an issue of state law.[1]

Finally, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a Certificate of Appealability upon entering a final adverse order. A

---

[1] Amendment would also be futile because Plaintiff's constitutional claims lack merit and would be subject to being denied under 28 U.S.C. § 2254(b)(2). Petitioner is not similarly situated to persons convicted of knowingly concealing stolen property after the statute was amended in 2016. *See Dodd v. McCollum*, 715 F.Appx. 844, 847 (10th Cir. Nov. 7, 2017)(denying certificate of appealability noting that equal protection allows states to amend sentencing laws without applying the changes retroactively). Therefore, the failure to modify his sentence did not violate his right to the equal protection of the laws. Furthermore, Petitioner has failed to establish that his sentence for knowing possession of stolen property violates the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" *Ewing v. California*, 538 U.S. 11, 20 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J. concurring in part and concurring in the judgment)). A sentence is unconstitutional only if, "based generally on a review of the gravity of the offense and comparing sentences imposed on other criminals and for other crimes in the jurisdiction," the court finds "'extreme circumstances ... [that] lead[s] to an inference' that the sentence is grossly disproportionate to the crime." *United States v. Munro*, 394 F.3d 865, 872-73 (10th Cir. 2005)(quoting *Harmelin*, 501 U.S. at 1006). Petitioner's sentence was within the statutory limits of state law at the time it was imposed and sentencing decisions are generally not constitutionally cognizable unless a petitioner shows that the sentence imposed exceed the statutory limits at the time of its imposition or was otherwise unauthorized by law. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir.2004)(there is no constitutional right to retroactive application of more lenient sentencing rules).

4

Certificate of Appealability may issue only if the petitioner made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and he shows "that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Petitioner has failed to make either showing.

For the reasons set forth herein, the Report and Recommendation is ADOPTED IN ITS ENTIRETY and the Petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 26th day of May 2020.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**